**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **MATHEW DAVIS**, | No. 12-55040 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01837-DMG-CW |
| v. | |
| **GLENDALE UNIFIED SCHOOL DISTRICT; ZAVEN SHAMOYAN; MICHAEL F. ESCALANTE; LINDA EVANS; CHRISTOPHER COULTER; MARK BROWN; SUNGSOOK KIM; CHARLOTTE SASSOUNIAN; MARY W. BORGER; GREG KRIKORIAN; NAYIRI NAHABEDIAN; JOYLENE WAGNER; CHRISTINE WALTERS; TAMAR KATAROYAN; H. A. PAZ; COUNTY OF LOS ANGELES; SCOTT SHINAGAWA,** | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued January 6, 2014, and Submitted March 18, 2014
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:      **KOZINSKI**, Chief Judge, **REINHARDT** and **CLIFTON**, Circuit Judges.

A majority of the panel agrees that the grant of summary judgment was improper, but the judges disagree as to why. One judge believes that Davis has created a triable issue of fact as to whether the school district's policy of allowing out-of-district seniors to finish their studies created a protected property interest, particularly because the school knowingly acquiesced in Davis's continued enrollment without an out-of-district permit. See Gerhart v. Lake County, Mont., 637 F.3d 1013, 1020 (9th Cir. 2011); Orloff v. Cleland, 708 F.2d 372, 377 (9th Cir. 1983).

The other judge in the majority would hold that Davis has created a triable issue of fact as to whether Davis's disenrollment implicated a liberty interest. See Goss v. Lopez, 419 U.S. 565, 574–76 (1975). Although the school district argues that "disenrollment" differs from expulsion, the form the school gave Davis (1) was titled "Expulsion Procedures: Due Process Rights;" (2) listed Davis's "offense" as "Possessed, sold, or otherwise furnished any firearm, knife, explosive, or other dangerous object;" and (3) stated that Davis was entitled to several "Due Process Rights," including a hearing. The second judge therefore believes that

Davis has sufficiently shown that the disenrollment affected his liberty interest in his reputation to survive summary judgment.

**REVERSED.**